UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 5:09-CV-219

**DANIEL LAPORTE**                                                                             **PLAINTIFF**

v.

**B.L. HARBERT INTERNATIONAL, LLC and**
**LARRY STEWART**                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court upon Defendants' Partial Motion to Dismiss (Docket #6). Plaintiff has responded (Docket #8). Defendants have replied (Docket #9). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Daniel LaPorte, a black male, worked for B.L. Harbert International, LLC ("B.L. Harbert") from September of 2007 through his termination on September 4, 2008. LaPorte worked for B.L. Harbert at its Fort Campbell, Kentucky, facilities. LaPorte alleges that he was subjected to racial discrimination and harassment in the form of jokes, slurs, and demeaning insults. LaPorte also alleges that he was wrongfully terminated due to race.

After his termination, LaPorte filed a charge of discrimination with the Equal Employment Opportunity Commission on April 6, 2009. He was issued a Notice of Right to Sue Letter on September 28, 2009. LaPorte filed suit in this Court on December 28, 2009 against B.L. Harbert and LaPorte's supervisor, Larry Stewart. LaPorte seeks damages for claims of hostile work environment, racial discrimination, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. B.L. Harbert and Stewart filed a partial

motion to dismiss on March 3, 2010. The Court now considers this motion.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

I.  **Plaintiff's Title VII and KCRA Claims Against Stewart**

Plaintiff asserts claims of race discrimination, harassment, and retaliation against his

supervisor, Larry Stewart, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Chapter 344 of the Kentucky Civil Rights Act ("KCRA"), Ky. Rev. Stat. § 344.010 et seq.

Under Title VII, it is "an unlawful employment practice for an employer . . .to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 344.040 of the KCRA prohibits an "employer" from discrimination on the basis of an "individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker . . . ." Ky. Rev. Stat. Ann. § 344.040(1). In other words, KCRA chapter 344 is a state counterpart to Title VII. The Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an "employer," may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Further, the Court held that "[b]ecause KRS Chapter 344 mirrors Title VII, we find our holding equally applicable . . . ." *Id.* Therefore, Stewart may not be held personally liable under Title VII or section 344.040(1) of the KCRA.

Plaintiff argues, however, that Stewart may be held liable under KCRA section 344.280, which states as follows:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
>
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter; or

3

> (2) To aid, abet, incite, compel, or coerce a person to engage in any of the acts or practices declared unlawful by this chapter; or
>
> (3) To obstruct or prevent a person from complying with the provisions of this chapter or any order issued thereunder;
>
> (4) To resist, prevent, impede, or interfere with the commission, or any of its members or representatives, in the lawful performance of duty under this chapter; or
>
> (5) To coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by KRS 344.360, 344.367, 344.370, 344.380, or 344.680.

Ky. Rev. Stat. Ann. § 344.280(1)-(5). Plaintiff alleges in his response that "Defendant Stewart, as well as the Superintendant [sic], were engaged in and/or aided and abetted discriminatory practices of the employer, including but not limited to retaliation." Plaintiff's Response, p. 2.

Plaintiff cites to an opinion of this Court in support of his assertion that Stewart can be held individually liable under section 344.280. *See Adams v. United Parcel Serv.*, 2006 Dist. LEXIS 40687 (W.D. Ky. June 19, 2006). *Adams* held that the plain language of section 344.280 "indicates that individuals may be subject to liability for violations of it." *Id.* at *8. The Sixth Circuit has also found that individuals may be held liable under section 344.280. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 794 (6th Cir. 2000) ("344.280 forbids retaliation by 'a person.' The Kentucky retaliation statute plainly permits the imposition of liability on individuals.").

The Court need not determine if Stewart can be held individually liable under section 344.280 because Plaintiff has failed to allege sufficient factual information to survive a motion to dismiss. *See Twombly*, 550 U.S. at 570. First, there is no factual assertion in the complaint that

Stewart personally retaliated against Plaintiff. Instead, Plaintiff argues in his response that Stewart's conduct falls under part (2) of section 344.280, in that he aided and abetted a person to engage in unlawful conduct. The facts of the complaint, however, do not support this theory. The complaint specifically states that Stewart was reprimanded for his conduct by his superior, B.L. Harbert's superintendent. No other facts in the complaint support a theory of aiding and abetting. Therefore, Plaintiff has failed to state a claim for relief under section 344.280.

Because Plaintiff cannot sue a person in his or her individual capacity under Title VII or KCRA section 344.040, and Plaintiff has failed to state a claim for relief under KCRA section 344.280, Plaintiff's Title VII and KCRA claims against Stewart are dismissed.

## II. Plaintiff's 14th Amendment, Section 1983 and *Bivens* Claims Against B.L. Harbert and Stewart

Plaintiff's claims under the 14th Amendment, § 1983, and *Bivens* are dismissed because plaintiff has not alleged either state or federal action. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which essentially means that all persons similarity situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "'To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class.'" *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir.1989) (en banc)).

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of

federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir.2001). The *Bivens* doctrine is a judicially created counterpart to a § 1983 action and pertains to suits filed against federal officials who have allegedly denied a plaintiff's constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390-97 (1971). Plaintiff has not alleged that Defendants were "acting under color of state law" or are federal officials. Therefore, Plaintiff's claims must be dismissed.

## III. Plaintiff's IIED Claims Against B.L. Harbert and Stewart

A prima facie case of intentional infliction of emotional distress ("IIED"), or outrage, requires that Plaintiff show: (1) that the wrongdoer's conduct was intentional or reckless; (2) that the conduct was outrageous and intolerable and offends against the generally accepted standards of decency and morality; (3) a causal connection between the wrongdoer's conduct and the emotional distress; and (4) that the emotional distress was severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz,* 796 S.W.2d 1, 2-3 (Ky. 1990)). The Court must determine "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* at 788-89 (citing Restatement (Second) of Torts § 46(1) cmt. h (1965)).

Defendants argue that Plaintiff's IIED claims are preempted by claims under the KCRA. The Kentucky Court of Appeals held that "a KRS Chapter 344 claim preempts a common law IIED/outrageous conduct claim." *Kroger Co. v. Buckley*, 113 S.W.3d 644, 647 (Ky. Ct. App. 2003) (citing *Wilson v. Lowe's Home Center*, 75 S.W.3d 229 (Ky. Ct. App. 2001)). Therefore, the IIED claim against Defendant B.L. Harbert must fail. The IIED claim against Defendant

6

Stewart, however, are not preempted because the Court has dismissed all KCRA claims against Stewart.

In order to survive a motion to dismiss, Plaintiff must allege sufficient facts to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In regards to Plaintiff's IIED claim against Stewart, Plaintiff's allegations, although brief, are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555. Plaintiff has sufficiently alleged that Stewart's actions were intentional and caused Plaintiff severe emotional distress. Further, Plaintiff alleges a pattern of discrimination and harassment, including racial and derogatory comments from Stewart, which was "so pervasive" as to disrupt Plaintiff's work conditions and cause him severe distress. Plaintiff also alleges that he suffered embarrassment and humiliation. The Court finds that this is enough to survive a motion to dismiss.

In sum, Plaintiff's claim for intentional infliction of emotional distress is dismissed as to B.L. Harbert, but survives as to Stewart.

**IV.    Plaintiff's NIED Claims Against B.L. Harbert and Stewart**

In Kentucky, Courts have long held that absent a showing of physical injury, a plaintiff cannot assert a claim against a defendant for the negligent infliction of emotional distress. *See, e.g.*, *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187 (Ky. 1994); *Mitchell v. Hadl*, 816 S.W.2d 183, (Ky. 1991). "It is well established in this jurisdiction that 'an action will not lie for fright, shock or mental anguish which is unaccompanied by physical contact or injury . . . .'" *Deutsch v. Shein*, 597 S.W.2d 141, 145-46 (Ky. 1980) (quoting *Morgan v. Hightower's Adm'r*, 163 S.W.2d 21, 22 (Ky. 1942)); *accord Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 928-

7

29 (Ky. 2007). "[T]he amount of physical contact or injury that must be shown is minimal." *Deutsch*, 597 S.W.2d at 146. "Contact, however[ ] slight, trifling, or trivial, will support a cause of action." *Id.* "However, it is necessary that the damages for mental distress sought to be recovered be related to, and the direct and natural result of, the physical contact or injury sustained." *Id.*

Plaintiff's complaint does not allege any physical contact or injury, slight or otherwise, which would support his claim for mental suffering. Accordingly, his claims for negligent infliction of emotional distress are dismissed as to both B.L. Harbert and Stewart.

**V.     Plaintiff's Punitive Damages Claims**

Plaintiff seeks punitive damages for Defendants' "willful and wanton, intentional, malicious, and/or reckless" actions that "were taken with callous disregard for the Plaintiff's federal and state protected civil rights." Complaint, p. 5. Following this motion to dismiss, Plaintiff's remaining claims include his Title VII and KCRA claims against B.L. Harbert, and his intentional infliction of emotional distress claim against Stewart.

Punitive damages are available under Title VII if the plaintiff can demonstrate that "the employer 'engaged in a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Parker v. Gen. Extrusions, Inc.*, 491 F.3d 602 (6th Cir. 2007) (quoting 42 U.S.C. § 1981a(b)(1)). Punitive damages are not recoverable, however, under the KCRA. *See Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 137-40 (Ky. 2003). The statute "provides that only 'actual damages' may be recovered. 'Actual damages' . . . does not include punitive damages." *Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 921 (Ky. Ct. App. 2006) (citing *McCullough*, 123 S.W. at 139); *see* Ky. Rev.

8

Stat. Ann. § 344.450.

Plaintiff may also recover punitive damages if successful on his claim of intentional infliction of emotional distress. *See Burgess v. Taylor*, 44 S.W.3d 806, 814 (Ky. Ct. App. 2001) ("Therefore, a victim of outrageous conduct can recover both compensatory and punitive damages."). Therefore, Plaintiff's claim for punitive damages survives as to his Title VII claim against B.L. Harbert and his IIED claim against Stewart. Plaintiff may not seek punitive damages, however, for his KCRA claim against B.L. Harbert.

## CONCLUSION

For the foregoing reasons, Defendants' Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claims under Title VII and the KCRA against Stewart, Plaintiff's IIED claim against B.L. Harbert, and Plaintiff's NIED, 14th Amendment, § 1983, and *Bivens* claims against B.L. Harbert and Stewart are DISMISSED with prejudice.

An appropriate order shall issue.