UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-219

**DANIEL LAPORTE**                                                                                           **PLAINTIFF**

v.

**B.L. HARBERT INTERNATIONAL, LLC and**
**LARRY STEWART**                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' Motion for Partial Judgment on the Pleadings (Docket #15). Plaintiff has responded (Docket #17). Defendants have replied (Docket #18). This matter is now ripe for adjudication. For the following reasons, Defendants' Motion is DENIED.

**BACKGROUND**

Daniel LaPorte, a black male, worked for B.L. Harbert International, LLC ("B.L. Harbert") from September of 2007 through his termination on September 4, 2008. LaPorte worked for B.L. Harbert at its Fort Campbell, Kentucky, facilities. LaPorte alleges that he was subjected to racial discrimination and harassment in the form of jokes, slurs, and demeaning insults. LaPorte also alleges that he was wrongfully terminated due to race.

After his termination, LaPorte filed a charge of discrimination with the Equal Employment Opportunity Commission on April 6, 2009. He was issued a Notice of Right to Sue Letter on September 28, 2009. LaPorte filed suit in this Court on December 28, 2009 against B.L. Harbert and LaPorte's supervisor, Larry Stewart. LaPorte sought damages for claims of hostile work environment, racial discrimination, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. B.L. Harbert and Stewart filed a partial

motion to dismiss on March 3, 2010. The Court granted the motion in part and denied the motion in part. Plaintiff's remaining claims against Defendant B.L. Harbert include statutory claims of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.("Title VII"), and Chapter 344 of the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344.010 et seq. ("KCRA"). Plaintiff's remaining claim against Defendant Stewart is for intentional infliction of emotional distress ("IIED"). Defendants have now moved for partial judgment on the pleadings as to Plaintiff's retaliation claims against B.L. Harbert and the IIED claim against Stewart.

## STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusion and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is

entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

### I. Title VII and KCRA Retaliation Claims Against B.L. Harbert

Defendants argue that Plaintiff's Title VII and KCRA retaliation claims against Defendant B.L. Harbert fail as a matter of law because Plaintiff has failed to allege sufficient factual information in his Complaint. Defendants cite to the Court's April 16, 2010, Memorandum Opinion in which the Court dismissed Plaintiff's claims of retaliation against Defendant Stewart. According to Defendants, the same logic applies here.

Defendants appear to have misread the Court's prior opinion. The Court dismissed Plaintiff's Title VII and section 344.040(1) KCRA claims by finding that Stewart could not be held individually liable under those statutes. The Court went on to say that Stewart also failed to state a claim for relief under KCRA section 344.280, so it was irrelevant if Stewart could be held individually liable under that section. The same reasoning does not apply here because B.L. Harbert is an employer, and Title VII and section 344.040(1) of the KCRA apply. However, the Court must still determine if Plaintiff has alleged sufficient facts to state a claim for retaliation against B.L. Harbert.

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 344.040 of the KCRA prohibits an "employer" from discrimination on the basis of an "individual's race, color, religion, national origin, sex, age

3

forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker . . . ." Ky. Rev. Stat. Ann. § 344.040(1). In other words, KCRA chapter 344 is a state counterpart to Title VII.

In order to establish a prima facie case of retaliation under Title VII, Plaintiff must establish that (1) he "engaged in protected activity," (2) his "employer knew of the exercise of the protected right," (3) "an adverse employment action was subsequently taken against" him, and (4) "there was a causal connection between the protected activity and the adverse employment action." *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008). In order to survive a motion for judgment on the pleadings, Plaintiff's Complaint must raise a material issue of fact as to a claim for retaliation.

The Court finds that Plaintiff has sufficiently alleged that he was engaged in protective activity, as Plaintiff states that he made complaints about racial discrimination to Defendants. (Compl. ¶ 21.) "Under Title VII, an employee is protected against employer retaliation for opposing any practice that the employee reasonably believes to be a violation of Title VII." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000). "Opposing" conduct protected by Title VII includes "complaining to anyone" "about alleged discrimination against oneself or others." *Id.* at 579, 580. Implicit in this allegation is that his employer was aware of Plaintiff's exercise of a protected right.

Plaintiff also satisfies the third prong of the prima facie case in showing that an adverse employment action was taken against him. The Complaint states that he was terminated and suffered a loss of income and benefits. (Compl. ¶ 12, 22.) Plaintiff's Complaint makes sufficient allegations of causation. The causal connection must be proven by sufficient evidence to

4

demonstrate an inference that, had the plaintiff not engaged in protected activity, the defendant would not have taken the adverse action. *Abbott v. Crown Motor Co.*, 348 F.3d 537, 543 (6th Cir. 2003). Plaintiff alleges that "Defendants intentionally, willfully, and wantonly retaliated against Plaintiff in response to his complaints . . . ." (Compl. ¶ 21.) The Court believes this is enough to allow the claim to proceed. Therefore, Defendants' motion is denied.

## II.     IIED Claim Against Stewart

In the prior motion to dismiss, Defendants argued that Plaintiff's IIED claims were preempted by the KCRA. The Court having dismissed all KCRA claims against Stewart, and finding Plaintiff alleged sufficient facts, allowed Plaintiff's IIED claim to proceed against Stewart. Defendants now argue that Plaintiff's IIED claim against Stewart is barred by the Kentucky Workers' Compensation Act, Ky. Rev. Stat. Ann. §§ 342.001 et seq. ("KWCA"). Plaintiff's arguments that this issue is moot, judicially estopped, and barred by res judicata are without merit as Defendants' newest legal challenge has not previously been raised before the Court in this case.

Under the KWCA, "[i]f an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee . . . ." Ky. Rev. Stat. Ann. § 342.690(1). This protection extends to all employees of the employer. *Id.* The exclusivity provision does not apply, however, "in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee . . . ." *Id.* The Kentucky Supreme Court has "consistently held that, except for the clause pertaining to a 'willful or [sic] unprovoked physical aggression' at the hands of the employer or insurer or their agents, KRS 342.690(1) and its

5

predecessor statutes shield a covered employer and its insurer from any other liability to a covered employee for damages arising out of a work-related injury." *Travelers Indem. Co. v. Reker*, 100 S.W.3d 756, 760 (Ky. 2003) (citations omitted).

The Kentucky Court of Appeals found that a claim of outrage could proceed against a co-employee and was not barred by the exclusivity provision. *Brewer v. Hillard*, 15 S.W.3d 1, 8-9 (Ky. Ct. App. 1999). *Brewer* involved an outrage claim in which the plaintiff's supervisor called him sexually explicit names and touched him inappropriately. *Id.* at 4. The court distinguished between claims of outrage brought against an employer versus those brought only in regards to a co-employee's conduct. *Id.* at 8. In reaching its conclusion, the court relied on *Russell v. Able*, which held that the KWCA did not bar civil actions against third parties, and a fellow employee who did not fall under the immunity of section 342.690 could be considered a third party. 931 S.W.2d 460, 462-63 (Ky. Ct. App. 1996). Finding that the plaintiff's co-worker's actions constituted "willful and unprovoked physical aggression," the Court of Appeals held that the exclusivity provision did not apply and the trial court properly allowed the civil action to proceed. *Brewer*, 15 S.W.3d at 9.

The Kentucky Supreme Court, in dismissing a claim for IIED against a company for intentionally violating safety procedures, emphasized that the exception in section 342.690 requires "willful and unprovoked physical aggression." *Shamrock Coal Co., Inc. v. Maricle*, 5 S.W.3d 130, 135 (Ky. 1999). "[A]bsent 'willful and unprovoked physical aggression' by an employee, officer, or director, there is no exception to the exclusive liability provision of the Workers' Compensation Act." *Id.*

This District has held that a claim of outrage against a fellow employee may survive the

exclusivity provision if it involves injuries caused by "willful and unprovoked physical aggression." *Haggard v. Martin*, No. 3:01-CV-614-H, 2002 WL 753230, at *3 (W.D. Ky. April 25, 2002). Noting that "[n]either the General Assembly nor any Kentucky court has given a precise meaning to this term," the court found that the Kentucky Supreme Court had implied that an outrage claim alleging affirmative acts of harassment would qualify. *Id.* (citing *Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340, 343 (Ky. 1986)). Therefore, the court allowed the plaintiff's claim of outrage based on sexual harassment to survive the motion to dismiss. *Id.*

This case involves a claim of outrage based on allegations of racial harassment. The Complaint alleges willful conduct on the part of Stewart. There remains a question of fact as to whether such conduct involved "unprovoked physical aggression." The Court has already found that Plaintiff's Complaint sufficiently alleges a cause of action for IIED against Stewart. Although no physical aggression is alleged, the Court finds that, out of an abundance of caution, this claim should be allowed to proceed until discovery reveals additional information.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Partial Judgment on the Pleadings is DENIED.