UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-219

DANIEL LAPORTE                                                                                    PLAINTIFF

v.

B.L. HARBERT INTERNATIONAL, LLC and
LARRY STEWART                                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Reconsider (Docket #20). The Court, having considered Defendants' motion, find that Defendants' Motion to Reconsider is DENIED.

## BACKGROUND

Daniel LaPorte, a black male, worked for B.L. Harbert International, LLC ("B.L. Harbert") from September of 2007 through his termination on September 4, 2008. LaPorte worked for B.L. Harbert at its Fort Campbell, Kentucky, facilities. LaPorte alleges that he was subjected to racial discrimination and harassment in the form of jokes, slurs, and demeaning insults. LaPorte also alleges that he was wrongfully terminated due to race.

After his termination, LaPorte filed a charge of discrimination with the Equal Employment Opportunity Commission on April 6, 2009. He was issued a Notice of Right to Sue Letter on September 28, 2009. LaPorte filed suit in this Court on December 28, 2009 against B.L. Harbert and LaPorte's supervisor, Larry Stewart. LaPorte sought damages for claims of hostile work environment, racial discrimination, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. B.L. Harbert and Stewart filed a partial motion to dismiss on March 3, 2010. The Court granted the motion in part and denied the

motion in part.  Plaintiff's remaining claims against Defendant B.L. Harbert include statutory claims of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.("Title VII"), and Chapter 344 of the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344.010 et seq. ("KCRA").  Plaintiff's remaining claim against Defendant Stewart is for intentional infliction of emotional distress ("IIED").  Defendants moved for partial judgment on the pleadings as to Plaintiff's retaliation claims against B.L. Harbert and the IIED claim against Stewart.  The Court denied that motion on June 18, 2010.  Defendants now ask the Court to reconsider its ruling.

## DISCUSSION

**I.     Title VII and KCRA Retaliation Claims Against B.L. Harbert**

Defendants' motion to reconsider asserts the same argument the Court rejected in its June 18, 2010, opinion.  Specifically, Defendants argue that because the Court dismissed all retaliation claims against Defendant Stewart under the *Twombly* standard, the same logic applies so that the Court must also find that Plaintiff failed to allege sufficient facts to support a claim for retaliation against Defendant B.L. Harbert.

The Court finds that Defendants' counsel has misread the Court's April 16, 2010, opinion.  In that opinion, the Court rejected the Title VII and KCRA retaliation claims against Stewart because Stewart *could not be held personally liable*.  The Court never addressed Plaintiff's factual allegations as to retaliation claims under Title VII or section 344.040 of the KCRA.  The Court did address Plaintiff's factual allegations as to section 344.280, however, and found that Plaintiff's claim *under that section* must fail under *Twombly*.  *See* Memorandum Opinion, April 16, 2010, p. 4 ("The Court need not determine if Stewart can be held individually

2

liable *under section 344.280* because Plaintiff has failed to allege sufficient factual information to survive a motion to dismiss." (emphasis added)). The Court's summary paragraph makes this point clear:

> Because Plaintiff cannot sue a person in his or her individual capacity *under Title VII or KCRA section 344.040*, and Plaintiff has failed to state a claim for relief *under KCRA section 344.280*, Plaintiff's Title VII and KCRA claims against Stewart are dismissed.

*Id.* at 5 (emphasis added). Therefore, Plaintiff's claims under Title VII and section 344.040 were not dismissed for failure to state a claim under the *Twombly* standard, and the same logic does not apply. Accordingly, the Court addressed Plaintiff's retaliation claims against B.L. Harbert in its June 18, 2010, opinion and found Plaintiff had made sufficient factual allegations for his claims to proceed. Defendants' motion to reconsider is without merit.

## II. IIED Claim Against Stewart

In its April 16, 2010, opinion, the Court found that Plaintiff had alleged sufficient facts to survive a motion to dismiss as to Plaintiff's intentional infliction of emotional distress ("IIED") claim against Defendant Stewart. Defendants then moved for judgment on the pleadings, arguing that they were entitled to judgment on the pleadings because Plaintiff's IIED claim is barred by the Kentucky Workers' Compensation Act, Ky. Rev. Stat. Ann. §§ 342.001 et seq. ("KWCA"). The Court found that the KWCA's exclusivity provision did not apply to cases "where injury or death is proximately caused by the willful and unprovoked physical aggression of such employee . . . ." Ky. Rev. Stat. Ann. § 342.690(1). The Court found that Plaintiff's claim could qualify under this exception. Because Plaintiff had properly plead a claim for IIED, the Court ruled that Plaintiff's claim could proceed through the discovery phase in order for both parties to determine if Plaintiff's alleged racial harassment included "unprovoked physical

3

aggression."

Defendants now ask the Court to reconsider its ruling. In support, Defendants argue that Plaintiff's Complaint fails to allege any physical aggression on the part of Defendant Stewart, and therefore, the claim must fail under the Rule 12(c) standard for judgment on the pleadings.

"A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense." *Memphis, Tenn. Area Local v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004); *see also Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980). Defendants' arguments are based on the standards set out in *Twombly* and *Iqbal*, which apply to stating a claim for relief, which Plaintiff has done. These arguments do not apply in the same regard to facts relating to affirmative defenses. As Plaintiff was not required to plead "unprovoked physical aggression" in anticipation of a KWCA defense, the Court cannot now fault Plaintiff for failing to do so.[1] Accordingly, the Court denied the motion for judgment on the pleadings and allowed the claim to proceed through discovery. The Court finds no reason to overturn that decision.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider is DENIED.

---

[1] In contrast, Plaintiff was required to allege physical contact or injury to prove his NIED claim because it is an element of the cause of action. Therefore, Plaintiff's NIED claim was properly dismissed.

4