UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-219

DANIEL LAPORTE                                                                              PLAINTIFF

v.

B.L. HARBERT INTERNATIONAL, LLC and
LARRY STEWART                                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Compel Discovery (Docket #22). Plaintiff has responded (Docket #23). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

Daniel LaPorte, a black male, worked for B.L. Harbert International, LLC ("B.L. Harbert") from September of 2007 through his termination on September 4, 2008. LaPorte worked for B.L. Harbert at its Fort Campbell, Kentucky, facilities. LaPorte alleges that he was subjected to racial discrimination and harassment in the form of jokes, slurs, and demeaning insults. LaPorte also alleges that he was wrongfully terminated due to race.

After his termination, LaPorte filed a charge of discrimination with the Equal Employment Opportunity Commission on April 6, 2009. He was issued a Notice of Right to Sue Letter on September 28, 2009. LaPorte filed suit in this Court on December 28, 2009 against B.L. Harbert and LaPorte's supervisor, Larry Stewart. LaPorte sought damages for claims of hostile work environment, racial discrimination, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. B.L. Harbert and Stewart filed a partial motion to dismiss on March 3, 2010. The Court granted the motion in part and denied the

motion in part. Plaintiff's remaining claims against Defendant B.L. Harbert include statutory claims of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.("Title VII"), and Chapter 344 of the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344.010 et seq. ("KCRA"). Plaintiff's remaining claim against Defendant Stewart is for intentional infliction of emotional distress ("IIED"). On May 3, 2010, Defendants moved for partial judgment on the pleadings as to Plaintiff's retaliation claims against B.L. Harbert and the IIED claim against Stewart. The Court denied this motion and the subsequent motion for reconsideration. On August 4, 2010, Defendants filed the present motion to compel discovery. Plaintiff responded on August 30, 2010, that he tendered discovery to Defendants on August 26, 2010. This is the issue which the Court now considers.

## DISCUSSION

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). The Federal Rules also provide for sanctions when a motion to compel is granted by the court or when a party fails to comply with the requirements of Rule 26. Fed. R. Civ. P. 37(a)(5)(A); 37(c)(1).

The Court is satisfied that proper responses to Defendants' interrogatories, requests for production of documents, and requests for admissions have been provided to Defendants at this

time. Therefore, the Court will not issue an order compelling Plaintiff to provide further responses. However, the Court must still consider the issue of sanctions. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Defendants have presented evidence of correspondence which demonstrates a good faith effort to obtain responses absent court involvement, so this requirement has been met.

Plaintiff's counsel has not provided any justification for the delay in responding to Defendants' discovery requests. Therefore, the Court cannot find that counsel's delay in responding is "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Plaintiff's counsel failed to provide responses until over two months after responses were due. This unreasonable delay forced Defendants' counsel to file a motion to compel.

The Court is unaware of any additional circumstances that would make an award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Defendants' are entitled to payment. Defendants seek $798.50 in sanctions for time spent in preparation of the present motion and seeking compliance from Plaintiff. Federal Rule of Civil Procedure 37 dictates that

Plaintiff is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants have demonstrated that Melanie Siemens, an associate of defense counsel's firm, spent 2.90 hours at the rate of $215.00 per hour on this matter. John Sheller spent 0.70 hours at the rate of $250.00 per hour editing, reviewing, and seeking compliance. The Court believes the amount of time spent on this matter is unreasonable. Therefore, the Court will reduce the time spent by half, resulting in 1.45 hours at $215.00 and .35 hours at $250.00, for a total of $399.25.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED. Plaintiff's counsel is hereby ORDERED to pay sanctions of $399.25 to Defendants.

IT IS SO ORDERED.