UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-219

DANIEL LAPORTE                                                                                          PLAINTIFF

v.

B.L. HARBERT INTERNATIONAL, LLC and
LARRY STEWART                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants' Second Motion to Compel Discovery (Docket #25). Plaintiff has responded (Docket #26). Defendants have replied (Docket #27). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Daniel LaPorte, a black male, worked for B.L. Harbert International, LLC ("B.L. Harbert") from September of 2007 through his termination on September 4, 2008. LaPorte worked for B.L. Harbert at its Fort Campbell, Kentucky, facilities. LaPorte alleges that he was subjected to racial discrimination and harassment in the form of jokes, slurs, and demeaning insults. LaPorte also alleges that he was wrongfully terminated due to race.

After his termination, LaPorte filed a charge of discrimination with the Equal Employment Opportunity Commission on April 6, 2009. He was issued a Notice of Right to Sue Letter on September 28, 2009. LaPorte filed suit in this Court on December 28, 2009, against B.L. Harbert and LaPorte's supervisor, Larry Stewart. LaPorte sought damages for claims of hostile work environment, racial discrimination, retaliation, intentional infliction of emotional distress, and negligent infliction of emotional distress. B.L. Harbert and Stewart filed a partial

motion to dismiss on March 3, 2010. The Court granted the motion in part and denied the motion in part. Plaintiff's remaining claims against Defendant B.L. Harbert include statutory claims of discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.("Title VII"), and Chapter 344 of the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344.010 et seq. ("KCRA"). Plaintiff's remaining claim against Defendant Stewart is for intentional infliction of emotional distress ("IIED"). On May 3, 2010, Defendants moved for partial judgment on the pleadings as to Plaintiff's retaliation claims against B.L. Harbert and the IIED claim against Stewart. The Court denied this motion and the subsequent motion for reconsideration.

On August 4, 2010, Defendants filed a motion to compel discovery. Plaintiff responded on August 30, 2010, that he tendered discovery to Defendants on August 26, 2010. The Court issued a Memorandum Opinion and Order on September 3, 2010. Based upon Plaintiff's representations, the Court found that Plaintiff had provided responses to Defendants' discovery requests, and the Court declined to compel Plaintiff to provide further responses. The Court also awarded sanctions in the amount of $399.25 to Defendants. Defendants have now filed a second motion to compel discovery.

**STANDARD**

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to

interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv). The Federal Rules also provide for sanctions when a motion to compel is granted by the court or when a party fails to comply with the requirements of Rule 26. Fed. R. Civ. P. 37(a)(5)(A); 37(c)(1).

## DISCUSSION

**I.     Motion to Compel**

Although Plaintiff's response to Defendants' second motion to compel provided supplemental responses and documentation, Defendants assert that Plaintiff has still failed to meet his discovery obligations. Specifically, Defendants' reply asks the Court to compel Plaintiff to provide responses to three interrogatories and three requests for production of documents.

*A.     Interrogatory No. 4*

Defendants' Interrogatory No. 4 seeks the identity, address, and telephone number of all persons believed "to have knowledge or information concerning the Complaint or the facts alleged with the Complaint." Defendants also request "a detailed description of the knowledge or information known or believed to be possessed by that person regarding the Complaint or the facts alleged within the Complaint." Plaintiff's initial response included a list of nine people and stated as follows:

> Based upon information and belief, each of the foregoing identified individuals were employed at BL Harbert Int. at the time of the incident. It is believed that each person has detailed information regarding the allegations alleged in the Complaint. The addresses and telephone number of such individuals should be known and/or readily available to Defendant.

Plaintiff's Responses, DN 25-3, p. 4. Plaintiff's supplemental responses provided additional

information:

> It is believed that each and every individual identified in Mr. LaPorte's original discovery responses, were either present, and/or were aware of or have relevant information concerning the allegations in the complaint. To the extent this interrogatory seeks disclosure of investigative information learned by counsel form [sic] Mr. Laporte with regard to such persons, the same constitutes attorney-work product and is not discoverable. Without waiving said objections, the individuals identified are expected to have personal information and knowledge regarding the discriminatory and hostile work environment existing at the Defendant's work place at the time and events in issue. However, until the discovery process is completed, detailed information cannot be provided.

Plaintiff's Supplemental Responses, DN 26-1, p. 2. Defendants object to Plaintiff's responses on the grounds that such responses are vague, evasive, and non-responsive. In addition, Defendants note that such disclosure is required under Federal Rule of Civil Procedure 26(a)(1)(A).

Under Federal Rule of Civil Procedure 26, a party must disclose certain information to the opposing party without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1)(A). This includes "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). The Court believes Plaintiff has satisfied this rule.

Defendants' Interrogatory No. 4 differs from Rule 26 in that the interrogatory requests a "detailed description of the knowledge or information known or believed to be possessed" by each person listed as having knowledge about the facts alleged within the Complaint. The information sought is clearly relevant and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff asserts a blanket privilege as to disclosure of this information, but fails to "describe the nature of the . . . communications . . . not produced or disclosed" that would enable the Court or Defendants to assess these privilege

claims. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). Accordingly, Plaintiff shall provide responses to Defendants' request, to the extent such information is available, or produce a more detailed description of the communications to which Plaintiff's asserted privilege applies, within 15 days of the filing of this Order.

  B.  *Interrogatory No. 5*

Defendants' Interrogatory No. 5 seeks medical information regarding "any physical, mental or emotional problems at any time since January 1, 2000." Plaintiff's initial response indicated as follows:

> Plaintiff has sought medical treatment for general routine medical purposes unrelated to claims set forth in this action. It is believed that a majority of Plaintiff's medical treatment was provided at: Jennie Stuart Medical Center, 1811 E. 9th Street, Hopkinsville, KY 42240.

Plaintiff's Responses, DN 25-3, p. 5. Plaintiff supplemented this response on October 11, 2010, by stating:

> Mr. Laporte does not have a general treating physician. At any time emergency health care has been needed, it has been received at the local hospital, Jennie Stuart Medical Center. Again, this Plaintiff does not assert that he received medical treatment and/or mental health treatment for any injuries he sustained as a result of Defendant. A medical records release is enclosed.

Plaintiff's Supplemental Responses, DN 26-1, p. 2. Defendants argue that Plaintiff's responses ignore Defendants' entitlement to uncover medical information in order to "counter the allegation or insinuation that all such harm derives from [Plaintiff's] employment with Defendant."

The Court finds that Plaintiff's execution of a medical authorization for release of records is sufficient to satisfy Defendants' request for medical information. Plaintiff has stated where he has received medical treatment in the past, and the release allows Defendants to obtain all of

5

Plaintiff's medical records.  Accordingly, the Court will not compel additional disclosure as to Interrogatory No. 5.

    C.    *Interrogatory No. 6*

Defendants' Interrogatory No. 6 seeks information about Plaintiff's employment history since the age of eighteen.  Plaintiff provided the following response:

> Plaintiff has not been gainfully employed since his employment with Defendant ended in 2008.  Plaintiff is currently compiling a list of prior employers, their addresses and contact information, the approximate dates of employment, if known; a description of his prior employment positions; the names of his prior supervisors, if known; his approximate salary, if known; and reason for separation from employment.  This response will be supplemented once such information has been compiled by Plaintiff.  Plaintiff recalls employment at Waterworks, located on Fort Campbell Boulevard in Hopkinsville, KY.  He was employed by Waterworks from approximately January, 2000 – November, 2000.  His supervisor was Jerry Orten, he earned approximately $7.25 per hour, and he left employment because he was laid-off at winter time due to slow down in business.  This response will be supplemented.

Plaintiff's Responses, DN 25-3, p. 5.  Plaintiff's supplemental responses provided additional information in response to Interrogatory No. 6:

> In addition to the answers previously amended, Mr. Laporte has worked for Quality Personnel in Hopkinsville, Kentucky in a variety of positions during the requested time period.  See also the Wage & Income Transcripts, previously submitted as Exhibit "B" to the original discovery responses, which contain additional relevant information responsive to this Interrogatory.

Plaintiff's Supplemental Responses, DN 26-1, p. 2.  A review of the docket reveals that the Court does not have a copy of the Wage & Income Transcripts.  Defendants assert that Plaintiff's responses to Interrogatory No. 6 are insufficient because Plaintiff's answers are incomplete, even with consideration of Exhibit B.

The Court finds that Defendants' requests are proper and Plaintiff has not provided sufficient responses.  This information is clearly relevant and easily obtainable by Plaintiff.

Accordingly, the Court orders Plaintiff to respond to Interrogatory No. 6 within 15 days of the filing of this Order.

        D.      *Request No. 6*

Defendants seek copies of Plaintiff's state and federal income tax returns for the tax years 2000 through 2009. Plaintiff has supplied a signed and dated "Request for Copy of Tax Return" form to Defendants. Defendants argue that this form is inadequate because it fails to indicate the particular tax returns being sought and therefore, cannot be processed by the IRS. In addition, Defendants assert that there is no proof that Plaintiff submitted this form or paid the fees to obtain his income tax returns.

"[T]ax returns and other financial information enjoy no special privilege from disclosure." *DeMarco v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989) (citing *Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113 (S.D. Ohio 1982)); *see also Kumar v. Hilton Hotels Corp.*, No. 08-2689 D/P, 2009 WL 3681837, at *2 (W.D. Tenn. 2009). In response to Defendants' discovery request, Plaintiff tendered an incomplete tax return request form. As Defendants note, this form lacks required information, and there is no evidence that an actual request was made to the IRS. The form specifically states that the form should not be signed if incomplete. Therefore, Plaintiff shall furnish a completed and signed form to Defendants. The completed form should follow the applicable guidelines for mailing the tax returns to a third party. It should also specify the dates for the requested tax returns. Defendants' counsel may then submit the request form in order to receive Plaintiff's tax returns from the Internal Revenue Service. Defendants shall bear the cost of retrieving the requested tax returns. *See, e.g.*, *Smith v. Mpire Holdings, LLC*, No. 3:08-0549, 2010 WL 711797, at *2 (M.D.

7

Tenn. 2010); *Reeves v. Pa. R.R. Co.*, 80 F. Supp. 107, 109 (D. Del. 1948).

    E.    *Request No. 12*

Defendants' Request No. 12 seeks "[a]ny and all documents constituting, relating, or referring to any police reports, citations, arrests, or convictions involving you, as referenced in Interrogatory No. 12." Plaintiff indicates in his first response that he has requested a complete criminal history and will supplement his responses upon receipt. Plaintiff's supplemental response stated as follows:

> Mr. Laporte has provided a detailed description of his criminal convictions and their case numbers. Same was obtained by review of the Christian County public records system. The information requested is overly burdensome and is not relevant to this action.

Plaintiff's Supplemental Responses, DN 26-1, p. 4. Defendants note that although Plaintiff acknowledges accessing his criminal records, he failed to provide the records to Defendants. Defendants note the relevance of this information in refuting Plaintiff's assertion that he would have had continuous stable employment as support for his lost wages claim. Defendants also note that Plaintiff has waived any relevancy objections by failing to respond within the time required by the Federal Rules of Civil Procedure.

The Court finds that Plaintiff has failed to explain why providing the requested information would be overly burdensome. In addition, Defendants have explained why this information may be relevant and could lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(B)(1). As this is discovery, Plaintiff's relevance objection is overruled. The admissibility of this evidence can be addressed prior to trial. The Court orders Plaintiff to provide the requested documents within 15 days of the filing of this Order.

    F.    *Request No. 14*

Finally, Defendants' Request No. 14 requests a variety of materials relating to the allegations in Plaintiff's Complaint. Specifically, the Request seeks as follows:

> Any and all letters, calendars, date books, diaries, journals, notebooks, notes, memoranda, correspondence, audio or video recordings, computer or electronic files, photographs, e-mails or any other written or electronic records or communications regarding, recording, relating, or referring to the facts or events which gave rise to the allegations in your Complaint.

Defendants' Request No. 14, DN 25-3, p. 16. Plaintiff has objected to this Request on the basis of attorney work product and/or attorney-client privilege. Defendants argue that Plaintiff's objection on the basis of privilege has been waived, and if not, Plaintiff has failed to provide the Court or Defendants with any information necessary to evaluate the asserted privilege objection.

A party may withhold information otherwise discoverable by claiming the information is privileged only if the party states so expressly and "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed – and do[es] so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Plaintiff has failed to do so in this case. Accordingly, Plaintiff shall file an appropriate description of the withheld documents with the Court within 15 days of the filing of this Order.

## II. Sanctions

In ruling upon a motion to compel, the Court must also consider the issue of sanctions. Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

9

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Defendants have presented evidence of correspondence which demonstrates a good faith effort to obtain responses absent court involvement, so this requirement has been met.

Plaintiff's counsel has not provided any justification for the delay in responding to Defendants' discovery requests, other than an illness in counsel's family in July of 2010. Although the Court is sympathetic to counsel's circumstances, there has been ample time since July for Plaintiff to tender discovery responses. In fact, responses to Defendants' requests were actually due prior to July of 2010. Accordingly, the Court cannot find that counsel's delay in responding is "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

The Court is unaware of any additional circumstances that would make an award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Defendants are entitled to payment. Defendants seek $895.00 in sanctions for time spent in preparation of the present motion and seeking compliance from Plaintiff. Federal Rule of Civil Procedure 37 dictates that Plaintiff is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants have demonstrated that Melanie Siemens, an associate of defense counsel's firm, spent 3.00 hours at the rate of $215.00 per hour on this matter. John Sheller spent 1.00 hours at the rate of $250.00 per hour editing, reviewing, and seeking compliance. The Court believes the amount of time spent on this matter is reasonable.

Accordingly, the Court awards $895.00 to Defendants.

Finally, the Court notes that Defendants have also requested that the Court waive all of Plaintiff's objections and privileges, deem all Rule 36 requests for admissions as admitted, and bar Plaintiff from proffering witnesses whose information has not been disclosed.  The Court finds that these remedies are extreme and unwarranted at this time.  Should Plaintiff fail to comply with this Court's Order, however, the Court will reconsider use of these sanctions.  *See* Fed. R. Civ. P. 37(b)(2).

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART.  Plaintiff is hereby ORDERED to pay sanctions of $895.00 to Defendants.

IT IS SO ORDERED.